UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM LEROY FAULKNER, | Case No. 4:22-cv-00528-DCN |
| Plaintiff, | |
| vs. | **INITIAL REVIEW ORDER BY SCREENING JUDGE** |
| LESLIE RAE DECKER, STATE OF IDAHO, U.S. of A., | |
| Defendants. | |

The Complaint and Supplement of Plaintiff William Leroy Faulkner, an Idaho Department of Correction inmate housed at the Idaho State Correctional Center, were conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 2, 7, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff will be required to file an amendment if he desires to proceed.

## REVIEW OF COMPLAINT

### 1. Legal Basis of Claims

Plaintiff appears to be a resident of the Fort Hall Reservation and a Native American member of the Shoshone Bannock (Sho Ban) Tribes. He brings his claims under the Cestui Que Vie Act of 1666 ("Act"), a seventeenth century Act of the English Parliament that presumes a person is dead if there is no "sufficient and evident proofe" that the person is

still alive, for instance if a person is lost at sea. *See* Cestui Que Vie Act, 1666, 18 & 19

Car. 2, c.11 (text available at https://www.legislation.gov.uk/aep/Cha2/18-19/11/section/I

(accessed July 28, 2023). The Act permits the remainderman of a life estate to terminate a

tenant's life estate after the tenant has "gone beyond the Sea" for seven years. *See id*.

Plaintiff also checked the box on the Complaint form showing that he is bringing

his claims under the Court's diversity jurisdiction. Dkt. 2, p. 3. Federal courts have limited

subject matter jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332 requires that the

parties be citizens of different states and that the amount in controversy be over $75,000.00.

### 2. Factual Allegations

Plaintiff alleges in his Complaint that Leslie Rae Decker, a revenue auditor with the

Sho Ban Tribe gaming administration, wronged him, though the factual basis of the claims

are too vague to discern what happened. It appears from Plaintiff's Supplement that Decker

may be Plaintiff's spouse, domestic partner, or "ex-girlfriend," because a domestic

violence order of protection was entered in her favor against Plaintiff, by Jason Brown, a

Special Tribal Court Judge, on January 12, 2023. *See* Dkt. 7, pp. 35-37; Dkt. 5, p. 1. On

the coversheet to this lawsuit, Plaintiff wrote: "wife illegally committed identity fraud

against me." Dkt. 2-1, p. 1.

Plaintiff asserts that either Decker or some other representative of the Defendants

"gave his attorney client privileges away," based on Plaintiff's allegation that his attorney,

Justin Oleson, discussed with "Plaintiff's spouse" how to collect payment from Plaintiff.

Dkt. 2, p. 4.

In addition, Plaintiff alleges that his spouse did not give Plaintiff "mail for notices,"

and the other Defendants—the state of Idaho and the U.S. of A.—failed to protect his due process rights regarding Oleson's and Plaintiff's spouse's wrongdoing. *Id*. He further asserts that all of his family's and people's lands have been confiscated and "disclosure of information was not told truthful in applying pen to paper." *Id*.

In his Supplement, Plaintiff attaches various receipts, letters about personal property that is or was in the custody of government officials as a result of a state criminal conviction, and documents showing his probation was revoked in a state criminal case.

### 3. Standard of Law for Screening Prisoner Pleadings

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.*, 490 U.S. at 327; *Denton v. Hernandez*, 504 U.S. 25 (1992).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal*/*Twombly* standard.

### 4. Discussion

#### A. *Cestui Que Vie Act of 1666*

Even if this Court had authority to enforce the provisions of a 1666 Act of the English Parliament, it appears to have no application to Plaintiff. He does not allege that anyone has been lost at sea for more than seven years or allege any other facts showing that the Act applies to his circumstances and amounts to an actionable claim.

This cause of action appears to be derived from popular but erroneous "Constitutionalist" or "sovereign citizen" theories of government, evidenced by Plaintiff's attachment of a document entitled, "The Living Indigenous Vessel," to his Supplement. Dkt. 7-1, pp. 3-4. Plaintiff states that his Supplement is "[his] 'Cestui que vie" Act of 1666.

Notice and Warning to All Utilities." Dkt. 7, p. 1. This frivolous legal theory originated in the context of tax protests and is generally advanced to challenge state and federal laws and judgments. The theory (in all of its various forms) has been consistently rejected by the courts. *See United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (holding that Studley's argument that "she is not a 'taxpayer' because she is an absolute, freeborn and natural individual ... is frivolous. An individual is a 'person' under the Internal Revenue Code."); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the "Republic of Idaho" and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *see also* Francis X. Sullivan, *The Usurping Octopus of Jurisdictional Authority: The Legal Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785 (1999). Plaintiff should not include a "Cestui Que Vie Act of 1666" cause of action in his amended complaint because it is frivolous.

### B. *Diversity Jurisdiction*

Plaintiff has not alleged that the Defendant Decker is a citizen of another state. Nor has he sufficiently shown that the amount in controversy is $75,000 or more, because the facts supporting his claims are extremely vague. *See Iqbal*, 556 U.S. at 678 (a complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement" (punctuation altered)). Plaintiff asks that the following relief be granted him: "$50,000 for false claims, $1,000 fine for every time Name used for breach of contract, $47 billion for BC and SSN and all Labor wages and insurance policies and National Securities deposits Mr. Patrick Devine and I see fit." Dkt. 2, p. 4.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, [a] party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (removal context). There are no plausible allegations in the Complaint supporting the elements of a breach of contract claim, a labor claim, an insurance policy claim, or a claim regarding "national securities." Therefore, the demand for $47 billion is insufficient to support a determination that Plaintiff has met the diversity jurisdiction amount in controversy.

Plaintiff will be given opportunity to file an amended complaint to state a claim under a state cause of action (diversity jurisdiction) or a federal question cause of action. For example, if Leslie Rae Decker has wronged Plaintiff regarding gaming revenues due him, he must include in his amended complaint the "who, what, when, where, why, and how" of each allegedly wrongful act Decker allegedly committed, as well as facts supporting diversity or federal question jurisdiction.

### C. *Causes of Action that Should be Brought in Tribal or State Court*

If Defendant Decker is a tribal member who is Plaintiff's spouse, and they have a continuing domestic dispute over community funds, Plaintiff may desire to assert that cause of action in tribal court. As part of their residual sovereignty, tribes retain power to regulate domestic relations among members. *See Fisher v. District Court of Sixteenth Judicial Dist. of Mont.*, 424 U.S. 382, 387–389 (1976) (per curiam); *Wells v. Wells*, 451 N.W.2d 402, 406 (S.D. 1990) (observing that state courts lack subject matter jurisdiction to decide Indian domestic relations matters where all the Indian parties were domiciled on a reservation).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

If jurisdiction in the tribal court is not appropriate, then, generally, family law matters fall within the exclusive jurisdiction of the state courts. *See Ankenbrandt v. Richards*, 504 U.S. 689 (1992) (the United States Supreme Court has recognized a "domestic relations exception" to federal jurisdiction, which means that federal courts may not hear divorce, alimony, or child custody cases). If Plaintiff's claims for monetary damages arise from community property disputes, he may desire to initiate a state court action or return to state court if that court has already heard domestic matters between him and his spouse.

### D. *Sovereign Immunity of State of Idaho and United States of America*

Plaintiff alleges that the State of Idaho and the United States of America have aided Defendant Decker in "kick[ing] him out of his own house," having warrants issued for his arrest, "keeping this information from [him]," and stealing his identity." Dkt. 1, p. 5.

The Eleventh Amendment provides "sovereign immunity" to states and state entities. That means the State of Idaho cannot be sued in federal court unless Plaintiff can show that the State has waived its sovereign immunity. *See Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff may not proceed against the State of Idaho.

Likewise, the "United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). For example, the United States has statutorily consented to suits pursuant to the terms of the Federal Tort Claims

Act. 28 U.S.C. §§ 2671–2680. Here, if Plaintiff desires to sue the United States, he must state a proper basis under which the United States has consented to be sued, as well as assert facts showing that he meets the element of such a claim.

### 5.  Conclusion

Plaintiff will be required to file an amended complaint because the original Complaint, together with the Supplement, do not contain sufficient information to state a plausible claim upon which relief can be granted. An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

If Plaintiff does not desire to proceed, he must file a notice of voluntary dismissal. If Plaintiff does nothing further to pursue this action within the time frames specified below, it will be dismissed without prejudice without further notice to Plaintiff.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **30 days** after entry of this Order.

2. Failure to file an amended complaint will result in dismissal of the Complaint for failure to state a claim upon which relief can be granted, without further notice to Plaintiff.

3. Plaintiff is given notice that the filing of a complaint or amended complaint that fails to state a claim for relief may warrant the issuance of

a strike under 28 U.S.C. § 1915(g). Any inmate who accrues three strikes loses the privilege to file in forma pauperis complaints without a showing that the contents of his complaint shows that he is confined under conditions that amount to imminent danger of serious physical injury. *See id.*

DATED: December 14, 2023

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9